**S**HANNON L. CLARKE
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front, Ste. 401
Missoula, MT 59802
Phone: (406) 542-8851
Email: shannon.clarke@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANGAW ZENEBE BAHTA, <br><br> Defendant. | CV 23-      -M- <br><br><br> COMPLAINT |

Plaintiff, the United States of America ("United States"), through its undersigned counsel, brings this complaint against Angaw Zenebe Bahta ("Defendant") and alleges as follows:

## INTRODUCTION

1.     The United States brings this action to recover treble damages, civil penalties, and costs under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733.

1

2.      This action arises from false statements and claims that Defendant, to obtain a loan and loan forgiveness through the Paycheck Protection Program, knowingly presented to, or caused to be presented to, the U.S. Small Business Administration and lenders acting on its behalf.

## PARTIES

3.      The United States brings this action on behalf of the U.S. Small Business Administration ("SBA").  The SBA is a federal agency that, among other things, administers the Paycheck Protection Program.

4.      At all times relevant to this complaint Defendant was a resident of Missoula County, Montana.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 because the United States is the plaintiff.  The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367(a).

6.      The Court has personal jurisdiction over Defendant under 31 U.S.C. § 3732(a) because Defendant committed the alleged acts in this District.

7.      Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) in the Missoula Division of the District of Montana because the acts and omissions occurred in Missoula County, Montana.

## BACKGROUND

### I.       The CARES Act and Paycheck Protection Program

8.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted March 27, 2020, and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic.

9.      Section 1102 of the CARES Act temporarily permitted the SBA to guarantee 100 percent of 7(a) loans under a new program titled the "Paycheck Protection Program" ("PPP").  The SBA delegated authority to third-party lenders to underwrite and approve the PPP loans.

10.      In March 2021, the SBA issued a new PPP rule that allowed individuals (sole proprietor, independent contractor, self-employed) who file IRS Form 1040 C, Schedule C, *Profit or Loss From Business*, to calculate their maximum loan amount using gross income.

11.      To apply for a PPP loan, the applicant submitted a PPP Borrower Application for Schedule C Filers Using Gross Income (SBA Form 2483, Revised March 18, 2021) (hereafter "PPP Borrower Application"), which was signed by an authorized representative.  In the PPP Borrower Application, the applicant was required to provide, among other things, the North American Industry Classification Systems (NAICS) Code of the business and the gross income

amount from 2019 or 2020 on IRS Form 1040, Schedule C, Line 7.  This

information was used to calculate the amount of money the applicant was eligible

to receive under the PPP.  In addition, the applicant was required to provide

documentation confirming gross income.

12.     After the applicant submitted the PPP Borrower Application to a

lender, the lender processed it.  If the PPP Borrower Application was approved by

the lender, it submitted the application to SBA for a SBA loan number, and after

receiving that number the lender funded the PPP loan using its own monies, which

were 100% guaranteed by the SBA.

13.     Each PPP applicant, including Defendant, was required to certify on

the PPP Borrower Application, among other provisions, that:

(a)     the applicant was in operation on February 15, 2020, and was

either an eligible self-employed individual, independent contractor, or sole

proprietorship with no employees, or had employees for whom it paid salaries and

payroll taxes or paid independent contractors;

(b)     the funds would be used to "retain workers and maintain

payroll; or make payments for mortgage interest, rent, utilities, covered operations

expenditures, covered property damage costs, covered supplier costs, and covered

worker protection expenditures" as specified under the PPP rules; and

(c)     the information provided in the application and all supporting

documentation "is true and accurate in all material respects."

14.     PPP loan proceeds were required to be used by the borrower on certain permissible expenses: payroll costs, interest on mortgages, rent, and utilities, and other business-related expenses.

15.     Section 1106 of the CARES Act provided for forgiveness up to the full principal amount of qualifying loans guaranteed under the PPP if the borrower spent the loan proceeds on the permissible expenses within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

16.     PPP Loan Forgiveness Application (SBA Form 3508S) (hereafter "PPP Forgiveness Application") required the borrower to indicate the amount of the loan that was spent on payroll costs and make certifications including, but not limited to, the following:

(a)     the borrower had complied with all requirements of the PPP rules and guidance including rules related to eligible uses of loan proceeds and the amount of loan proceeds that must be used for payroll costs; and

(b)     the information provided in the application "is true and correct in all material respects."

## II.   The False Claims Act (FCA)

17.     The FCA provides, in pertinent part, that any person who: (a)(1)(A) knowingly presents, or causes to be presented, a false or fraudulent claim for

payment or approval, or (a)(1)(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim, is liable to the United States for three times the amount of damages which the United States sustains, plus a civil penalty per violation.  31 U.S.C. § 3729(a)(1).

18.     FCA penalties are regularly adjusted for inflation, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015.  For violations occurring after November 2, 2015, the civil penalty amounts currently range from a minimum of $13,508 to a maximum of $27,018.  28 C.F.R. § 85.5.

19.     For purposes of the FCA, the terms "knowing" and "knowingly" means that a person, with respect to the information: (1) has actual knowledge of the information, or (2) acts in deliberate ignorance of the truth or falsity of the information, or (3) acts in reckless disregard of the truth or falsity of the information.  31 U.S.C. § 3729(b)(1).  No proof of specific intent to defraud is required.  *Id*.

20.     Under the FCA, the term "claim" includes requests to the United States for payment, whether made directly or indirectly to the United States.  31 U.S.C. § 3729(b)(2)(A).

21.     The FCA defines "material" to mean "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property."  31 U.S.C. § 3729(b)(4).

6

## ALLEGATIONS

22.     It is a violation of the FCA to knowingly obtain a SBA-guaranteed

loan under the PPP which is not supplied in compliance with the PPP's rules, and

to subsequently obtain forgiveness of such loan.  Defendant was individually

involved in obtaining a PPP loan with the assistance of an unnamed individual he

authorized to act on his behalf, and was subsequently involved in obtaining

forgiveness of the loan, all in violation of the FCA.

23.     On or about April 7, 2021,  Defendant received a PPP loan in the

amount of $20,000.00 through Capital Plus Financial, LLC ("Capital Plus").  The

SBA paid a $2,500 processing fee to Capital Plus in connection with the PPP loan

disbursed to Defendant.

24.     On the PPP Borrower Application Defendant submitted to Capital

Plus, Defendant knowingly misrepresented: (1) that he was a sole proprietor of a

beauty salon business (NAICS Code 812112) established in 2018 in Missoula,

Montana; and (2) that his gross income in 2020 from this business was $96,000.

Defendant also falsely certified that he would use the PPP funds to "retain workers

and maintain payroll; or make payments for mortgage interest, rent, utilities,

covered operations expenditures, covered property damage costs, covered supplier

costs, and covered worker protection expenditures" as specified under the PPP

rules.

25.    In support of the misrepresentations in the PPP Borrower Application, Defendant knowingly submitted a false Schedule C (IRS Form 1040) indicating that his gross income from this beauty salon business in 2020 was $96,000.

26.    These misrepresentations were used in determining Defendant's eligibility for a PPP loan and the maximum loan amount for which Defendant was eligible, and they caused Defendant to receive the loan proceeds to which he was not entitled.

27.    Defendant knowingly used the PPP loan proceeds for impermissible purposes.

28.    On or about August 15, 2021, Defendant submitted a PPP Forgiveness Application through Capital Plus seeking forgiveness for the PPP loan.  Defendant knowingly misrepresented that the loan proceeds were used for eligible uses, including $17,000 on payroll costs.  Defendant also falsely certified that the information provided in the application was true and correct.

29.    On or about August 19, 2021, based upon the false representations on the PPP Forgiveness Application, the SBA forgave the loan, and specifically $20,000 in principal and $68.89 in interest.

30.    On or about August 15, 2022, a special agent with the Board of Governors of the Federal Reserve System Office of the Inspector General interviewed Defendant.  In sum and substance, Defendant relayed the following

during the interview:

- Defendant worked full-time as a salaried employee in customer service from May 2017 through July 2021;

- Defendant was neither a sole proprietorship nor self-employed, and he did not own a beauty salon in Missoula, Montana;

- Defendant did not earn $96,000 in gross income in 2020;

- Defendant learned through social media about an unnamed individual (who Defendant would not identify) offering to submit $20,000 PPP loans for a fee, and Defendant paid the fee and authorized the unnamed individual to obtain a PPP loan on his behalf;

- Defendant confirmed that he received the PPP loan proceeds in his bank account; and

- Defendant knew it was wrong to get the PPP loan.

The United States realleges and incorporates paragraphs 1 through 30 as fully set forth in all Counts listed below:

**COUNT I**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**
**Presenting or Causing False Claims to Be Presented for Payment**

31.     Defendant knowingly requested and obtained a PPP loan for an amount he was not entitled to, in violation of the PPP's rules.

32.     Defendant knowingly requested and received forgiveness of the PPP loan, despite his failure to comply with the PPP's rules.

33.     By virtue of these false claims, the United States was damaged for the

full amount of the PPP loan, interest, and the loan processing fee, totaling

$22,568.89, and is entitled to treble damages under the FCA, plus civil penalties

for each violation.

**COUNT II**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(B)**
**Making or Using False Records and Statements**

34.     Defendant knowingly submitted a PPP Borrower Application that

contained misrepresentations regarding his ownership of a beauty salon, the

income from this business, and his intended use of the PPP funds.

35.      Defendant knowingly submitted a false Schedule C (IRS Form 1040)

in support of his PPP loan application.

36.     Defendant subsequently knowingly submitted a PPP Forgiveness

Application that misrepresented his use of the PPP funds and eligibility for loan

forgiveness.

37.     By virtue of these false records and statements, the United States was

damaged for the full amount of the loan, interest, and the loan processing fee,

totaling $22,568.89, and is entitled to treble damages under the FCA, plus civil

penalties for each violation.

**REQUEST FOR RELIEF**

The United States requests that judgment be entered in its favor and against

Defendant as follows:

10

A.     On Counts I and II (False Claims Act), for treble damages, together

with the maximum civil penalties allowed by law; and

B.     Pre- and post-judgment interest, costs and filing fees.

Respectfully submitted,

JESSE A. LASLOVICH
United States Attorney

Dated:   May 1, 2023                    */s/ Shannon L. Clarke*
                                        SHANNON L. CLARKE
                                        Assistant U.S. Attorney
                                        Attorney for Plaintiff